1
2
3
4
5
6

The Honorable Robert S. Lasnik

7
8
9

# UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15

UNITED STATES OF AMERICA,

Plaintiff,

v.

MORGAN BRYANT,

Defendant.

NO. CR18-209 RSL

**DISCOVERY PROTECTIVE ORDER**

16      This matter, having come to the Court's attention on the Stipulation for Entry of a
17  Discovery Protective Order submitted by the United States of America and Defendant
18  Morgan Bryant, and the Court, having considered the motion, and being fully advised in
19  this matter, hereby enters the following PROTECTIVE ORDER:

20      1.    Protected Material

21      Medical records pertaining to treatment sought by the individual identified in the
22  Indictment as "Jane Doe" are deemed Protected Material.  The United States will make
23  available copies of the Protected Materials, including those filed under seal, to defense
24  counsel to comply with the government's discovery obligations.  Possession of copies of
25  the Protected Materials is limited to the attorneys of record, and
26  investigators, paralegals, law clerks, experts, and assistants for the attorneys of record
27  (hereinafter collectively referred to as members of the defense team).

28

DISCOVERY PROTECTIVE ORDER - 1
*United States v. Morgan Bryant*, CR18-209 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

1    2.    Scope of Review of Protected Material

2    Defense attorneys of record and members of the defense team may display and

3    review the Protected Material with the Defendant. The attorneys of record and members

4    of the defense team acknowledge that providing copies of the Protected Material to the

5    Defendant and other persons is prohibited, and agree not to duplicate or provide copies of

6    Protected Material to the Defendant and other persons. Notwithstanding the terms of this

7    Order, defense counsel may provide electronic copies of any Protected Material to the

8    Education Department in the Federal Detention Center at SeaTac, Washington, along

9    with a completed copy of the FDC's Electronic Discovery and Legal Material

10    Authorization Form. Defendant will not be permitted to have a copy of this material in

11    his cell, but may review it at the FDC Education Department pursuant to BOP and FDC

12    SeaTac's policies and procedures.

13    3.    Consent to Terms of Protective Order

14    The attorney of record for the Defendant is required, prior to disseminating any

15    copies of the Protected Material to permitted recipients, such as other members of the

16    defense teams, to provide a copy of this Protective Order to those permitted recipients,

17    and to obtain the written consent by those recipients of the terms and conditions of this

18    Protective Order. Such written consent shall not, however, be required with respect to

19    members of the defense teams who are employed by the same office as the attorney of

20    record; in such case, it shall be sufficient for the attorney of record to provide a copy of

21    this Protective Order to such other members of the defense teams and to remind them of

22    their obligations under the Order. The written consent need not be disclosed or produced

23    to the United States unless requested by the United States Attorney's Office for the

24    Western District of Washington and ordered by the Court.

25    4.    Parties' Reciprocal Discovery Obligations

26    Nothing in this order should be construed as imposing any discovery obligations

27    on the government or the defendant that are different from those imposed by case law and

28    Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DISCOVERY PROTECTIVE ORDER - 2
*United States v. Morgan Bryant*, CR18-209 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

5.    Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6.    Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.  The provisions of this Order shall terminate only by court order.

7.    Violation of Protective Order

Any violation of any term or condition of this Order by the Defendant, his attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

//

//

//

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Morgan Bryant*, CR18-209 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

1       If the Defendant violates any term or condition of this Order, the United States

2  reserves its right to seek a sentencing enhancement for obstruction of justice, or to file

3  any criminal charges relating to the Defendant's violation.

4       DATED this _24th_ day of ____Sept.____, 2018.

5

6

7                         _____

8                       ROBERT S. LASNIK
United States District Court Judge

9

10  Presented by:

11

12  _/s/ Rebecca S. Cohen_
REBECCA S. COHEN
Assistant United States Attorney

13

14  _/s/ Jesse Cantor_
JESSE CANTOR
Attorney for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISCOVERY PROTECTIVE ORDER - 4
_United States v. Morgan Bryant,_ CR18-209 RSL