The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MORGAN BRYANT,

    Defendant.

NO. 2:18-cr-00209-RSL

**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**

This matter comes before the Court on defendant's motion for early termination of supervised release (Dkt. 47) and the Government's response (Dkt. 49). Having reviewed these filings and the record herein, the Court GRANTS defendant's motion for the reasons explained below.

**I.      Background**

On Dec. 11, 2018, defendant pled guilty to assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) and 1153; assault by strangulation in violation of

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

- 1

§ 113(a)(8) and 1153; assault with a dangerous weapon in violation of § 113(a)(3) and 1153; assault resulting in serious bodily injury in violation of § 113(a)(6) and 1153; and domestic assault by a habitual offender in violation of § 117(a). Dkt. 1 and Dkt. 27. On March 21, 2019, this Court sentenced defendant to 71 months in prison and 36 months of supervised release. Dkt. 41. Defendant's supervised release commenced on Oct. 13, 2023, and is scheduled to end on Oct. 12, 2026. Dkt. 50.

## II.      Discussion

After the expiration of one year of supervised release, the Court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination of supervised release is not reserved for rare cases of exceptionally good behavior. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Rather, the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. Under § 3583(e), that discretion may only be exercised after considering certain § 3553(a) factors.

Defendant has completed domestic violence treatment, maintained his sobriety, and remained in compliance with all of his conditions of supervision over more than two and a half years. Dkt. 47 at 7; Dkt. 49 at 3:14. He states that "prison saved my life." Dkt. 47-4 at 2. He got his G.E.D. in prison (*id*.), has been working while on supervised release as a

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

- 2

ground maintenance technician for the Tulalip Tribe (*id*. at 3), and plans to pursue work as a long-haul trucker once the restrictions of his supervised release have ended (Dkt. 47 at 4). While on supervised release, defendant has also been caring for his 77-year-old uncle who is living with diabetes. Dkt. 47 at 3. Dr. William Singer, a forensic clinician who is the executive director of the center where defendant completed 52 sessions of domestic violence offender treatment, states that "[a]s Mr. Bryant continues to put into practice the skills he has acquired, the prognosis for the likelihood of DV in the future is extremely low." Dkt. 47-1. Therefore, after considering the relevant § 3553(a) factors, the Court is satisfied that early termination of supervised release is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Defendant's supervised release shall terminate on June 12, 2026, after he completes 32 months of supervision.

### III.    Conclusion

For all the foregoing reasons, defendant's motion for early termination of supervised release (Dkt. 47) is GRANTED. Defendant's supervised release shall terminate on June 12, 2026, after he completes 32 months of supervision.

IT IS SO ORDERED.

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

- 3

DATED this 26th day of May 2026.


*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

- 4